BUFFALO BUILDERS SUPPLY COMPANY, INC., Respondent, *v.* MENNO
A. REEB, Appellant.

Fourth Department, June 29, 1926.

**Sales — action to rescind sale of business to plaintiff — property has all
been disposed of by plaintiff — defendant allowed, on accounting,
inventory value of goods and profits made by plaintiff.**

On an accounting in pursuance of an interlocutory judgment rescinding a sale of
a business by the defendant to the plaintiff, the referee properly allowed the
defendant the inventory price of the goods which have all been disposed of by
plaintiff, and profits on sales made by the plaintiff. In view of the fact that
twelve years elapsed between the making of the contract and the accounting,
the referee reached a practical solution of a difficult problem.

APPEAL by the defendant, Menno A. Reeb, from a final judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of Erie on the 27th day of October, 1925,
upon the report of a referee appointed to take and state an account
between the parties in accordance with the interlocutory judgment
as modified, and also from an order entered in said clerk's office on
the 27th day of October, 1925, confirming the report of the referee
and granting an extra allowance of costs.

*Moot, Sprague, Brownell & Marcy* [*Adelbert Moot* and *Welles V.
Moot* of counsel], for the appellant.

*Swift & Potter* [*Parton Swift* of counsel], for the respondent.

PER CURIAM. The transaction which is the subject of this suit
involved the sale by defendant to plaintiff of a "builders' supply
business," including a stock of goods, equipment and good will.
This sale was made in December, 1913. In February, 1914, plaintiff
brought this action for rescission because of what has been found
to be "a wilful violation of material part of the contract" by
defendant. (199 App. Div. 951.) The interlocutory judgment,
modified and affirmed in this court, granted rescission and provided
for an equitable restoration of the parties to the *status quo* through
an accounting.

There was great delay in bringing the action to trial and reaching
an interlocutory judgment. There was further delay in having
the accounting. Both parties seem to be responsible for this
result. In the meantime the plaintiff had sold the goods, used
up the equipment and eventually had gone out of business, and
its books and records had largely been destroyed. Actual
restoration was impossible. In obedience to the terms of orders

made years before, the learned referee has made a conscientious and painstaking effort to adjust the accounts between the parties by taking the best evidence available on the matters in dispute. It would have been sufficient under the conditions then existing if defendant had been allowed the inventory price of the goods, representing the fair value agreed upon at the time of sale. This would have been equitable under the circumstances; but he has received more than that by being allowed profits on sales made by plaintiff.

The defendant, not the plaintiff, was the wrongdoer; and there was no conversion by the latter of the goods purchased under the contract, afterward rescinded for subsequent willful violative acts by the defendant. We think, considering the period of more than twelve years that has elapsed between the making of the contract and the accounting, that the referee has reached a practical solution of a difficult problem, and that the judgment founded thereon should not be disturbed.

The judgment and order should be affirmed, with costs.

Present — HUBBS, P. J., CLARK, DAVIS, CROUCH and TAYLOR, JJ. All concur.

Judgment and order affirmed, with costs.